**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.                                                           Case No. 3:12-cr-179-J-32-TEM

JOHN ERIC WILLIAMS,

        Defendant.
_____

## **OPINION**

This case involves the application of the residual clause of the Armed Career Criminal Act to a Tennessee criminal law against facilitation of burglary. The Court holds that facilitation of burglary under Tennessee law does not qualify as a violent felony under the ACCA.

Defendant John Eric Williams pleaded guilty to Counts One and Two of the Indictment, which charged him with stealing or unlawfully taking or carrying away a firearm from a licensed firearms dealer and possession of a firearm by a convicted felon. (Doc. 24). The question here is whether Defendant has three qualifying violent felonies, which would require him to receive a fifteen year minimum sentence under 18 U.S.C. § 924(e)(2)(B). Defendant undisputedly has two qualifying violent felonies. However, the parties disagree over whether Defendant's two convictions under Tennessee Code, Title 39-11-403 for facilitation of burglary qualify as violent felonies under the ACCA.

The Tennessee statute states that, "A person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but

without the intent required for criminal responsibility under § 39-11-402(2)[1], the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a) (West).

To determine whether an offense qualifies as a violent felony under the ACCA, courts look to the offense categorically, rather than to how an individual defendant committed the crime on a particular occasion. Begay v. United States, 553 U.S. 137, 141 (2008). The exception to this general rule occurs where the defendant's conviction was under a law that "sets out one or more elements of the offense in the alternative - for example, stating that burglary involves entry into a building *or* an automobile." Descamps v. United States, 133 S.Ct. 2276, 2281 (2013). In those cases, courts may use the modified categorical approach, in which they consult certain documents to determine whether the offense charged was in fact a violent felony. Id.

Here, there are no alternative ways to violate the statute. See § 39-11-403(a). Therefore, as the parties agree, the categorical approach will be applied.

In applying the categorical approach, the Court must first determine whether the statute meets the requirements of clause (i) of the ACCA, which covers crimes which have, "as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." Sykes v. United States, 131 S.Ct. 2267, 2272 (2011) (quoting 18 U.S.C. § 924(e)(2)(B)(i)). If the statute does not meet the requirements of clause (i), the Court then looks to see if the crime is one of the specific offenses listed in clause (ii), namely

---

[1] § 39-11-402(2) bars solicitation, directing, aiding, or attempting to aid another person to commit an offense.

whether the crime is burglary, arson, or extortion, or involves the use of explosives. Id. at 2273. If the crime also is not one of the named offenses, courts apply the residual clause, which covers offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Id. (quoting § 924(e)(2)(B)(iii)).

Under Tennessee law, facilitation of burglary has three elements: (1) that Defendant "knowingly provided substantial assistance to another" (2) whom he knew intended to commit the burglary and (3) the underlying crime actually occurred. See United States v. Gloss, 661 F.3d 317, 318-19 (6th Cir. 2011) (analyzing Tennessee law and listing the elements in the context of facilitation of robbery). None of these elements requires the use, attempted use, or threatened use of physical force, thus dictating that the statute does not fall under the first clause of the ACCA. Neither is facilitation of burglary one of the clause (ii) listed offenses. Therefore, as the parties agree, the Court must analyze the statute under the residual clause.

Courts have found it extremely difficult to apply the ACCA's residual clause. Justice Alito has stated that it is "nearly impossible to apply consistently." Chambers v. United States, 555 U.S. 122, 133 (2009) (Alito, J., concurring). Justice Scalia has gone further in calling the provision "a drafting failure" that should be declared void for vagueness. Sykes v. United States, 131 S.Ct. at 2284 (2011) (Scalia, J., dissenting). Indeed, this lack of clarity can be seen from the number of recent Supreme Court decisions attempting to interpret the residual clause. See Sykes, 131 S.Ct. 2267; Chambers, 555 U.S. 122 ; Begay, 553 U.S. 137; James v. United States, 550 U.S. 192 (2007). It is in this atmosphere of uncertainty that the question at issue must be answered.

The Sixth Circuit has previously analyzed the same Tennessee statute under the residual provision. See United States v. Vanhook, 640 F.3d 706 (6th Cir. 2011). In doing so, it initially affirmed the district court's decision that Vanhook's conviction for facilitation of burglary constituted a violent felony under the ACCA. Id. at 708. However, the Supreme Court vacated that decision and remanded it for reconsideration in light of Begay. Id. at 709. On its second attempt, the Sixth Circuit found that the facilitation of burglary is not categorically a violent felony. Id. at 708.

In analyzing the statute, the Sixth Circuit acknowledged that there is little question that facilitation of burglary creates a serious risk of violence. Id. at 711. However, the statute did not require conduct that was purposeful, violent, and aggressive as required under Begay. Id. at 712-16. Indeed, the court found that the Tennessee statute presented "one of the rare cases in which a statute criminalizing 'knowing' conduct does not describe conduct sufficiently purposeful to qualify as a violent felony." Id. at 713. This is true since the statute only covers behavior which lacks the requisite intent for criminal responsibility for the ultimate burglary. Id. at 713-14.

However, post-Vanhook, the question has been complicated by the Supreme Court's decision in Sykes, in which the Court acknowledged that the Begay requirement that conduct be purposeful, violent, and aggressive had no textual link to the residual clause. Sykes, 131 S.Ct. at 2275. Courts have interpreted Sykes to limit the Begay requirement to cases involving strict liability, negligence, or recklessness crimes. United States v. Chitwood, 676 F.3d 971, 979 (11th Cir. 2012); United States v. Meeks, 664 F.3d 1067, 1070 (6th Cir. 2012). Where the Begay test does not apply, courts only need look to whether the crime at

issue poses a risk comparable to that posed by its closest analog listed in the statute. Sykes, 131 S.Ct. at 2273.[2]

Admittedly, post-Sykes, whether the Tennessee facilitation of burglary would qualify as a violent felony is a closer question. Facilitation of burglary presents similar risks to those posed by burglary, a listed offense under the ACCA. Indeed, conviction under the statute requires that a burglary actually occurred. Gloss, 661 F.3d at 319. The conduct potentially presents a serious potential risk of physical injury especially because the risk "need not be from force applied by the perpetrator . . . ." United States v. Schneider, 681 F.3d 1273, 1281 (11th Cir. 2012) (noting that the force could come from the actions of the victim or from law enforcement in pursuit). Therefore, the risk caused by the proponent of the ultimate burglary counts as part of the risk of the facilitation. Thus, as the court in Vanhook found, there is little doubt that facilitating a burglary creates a serious risk of violence. See Vanhook, 640 F.3d at 711.

However, even after Sykes, it appears that the Vanhook court's ultimate conclusion would remain the same. There are two separate ways to look at the mens rea required by the Tennessee facilitation statute in determining whether it is a strict liability, negligence, or recklessness crime in which Begay-type reasoning should be applied. The choice is between the mens rea required for the defendant's conduct, and the mens rea as to the ultimate

---

[2] Federal courts have only re-examined the Tennessee facilitation statute after Sykes in the context of facilitation of aggravated robbery. See Gloss, 661 F.3d 317. In Gloss, facilitation of aggravated robbery was found to be a crime of violence under the first clause of 18 U.S.C. § 924(e)(2)(B). Id. at 319. The court therefore did not reach the residual clause. Id.

offense. The Tennessee facilitation statute requires that the defendant knowingly furnish substantial assistance. § 39-11-403(a). However, with respect to the ultimate burglary offense, the statute requires that the defendant act "without the intent required for criminal responsibility under" the solicitation and aiding and abetting statute. Id.

In Vanhook, the Sixth Circuit noted that the requirement that a defendant have acted "'without the intent required for criminal responsibility' for the ultimate criminal act" provided the basis for its decision. Vanhook, 640 F.3d at 713-14 (Citing § 39-11-403(a)). Moreover, the court repeatedly drew a distinction between the statute at issue and the majority of other statutes that involve a knowledge requirement as to an ultimate offense. Id. at 713-14.

The Vanhook court also found that the Tennessee statute does not typically require purposeful behavior of the sort required for a violent felony. See Vanhook, 640 F.3d at 713. In fact, it requires quite the opposite. See § 39-11-403(a). There is also nothing innately violent or aggressive about the typical behavior that would be involved in facilitating a burglary. Indeed, the statute covers behavior as non-violent as providing directions and serving as a lookout. See Tennessee v. Monholland, No. 03C01-9410CR-00396, 1995 WL 489438 (Tenn. Crim. App. Aug. 16, 1995) (upholding conviction for facilitation where defendant merely provided directions); State v. Eads, No. E2010-01518-CCA-R3-CD, 2011 WL 4436628 (Tenn. Crim. App. Sept. 26, 2011) (affirming conviction where jury could have found that defendant served as a lookout).

While the Sixth Circuit's Vanhook opinion is not binding on this court, its interpretation of the law of a state within its circuit is extremely persuasive. Thus, this Court, in the absence of Eleventh Circuit authority on this unusual Tennessee statute, chooses to follow

6

the decision of the Sixth Circuit in <u>Vanhook</u>, even post-<u>Sykes</u>.

Using the categorical approach, the Court finds that Defendant's convictions for facilitation of burglary under Tennessee law are not predicate felonies under the residual clause of the ACCA. Therefore, Defendant is not subject to the fifteen-year mandatory minimum under § 924(e)(2)(B) of the ACCA. Based on this ruling, the Probation Office should prepare and disseminate a revised PSR. The Court will reset sentencing by separate order.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of September, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

W.
Copies:

counsel of record
Probation (Parker Anderson)